Cameron Nazemi, Esq. (SBN. 260155)
CWN, Inc., a professional law corporation
122 Waterford Circle
Rancho Mirage, CA. 92270
Phone Number: (949) 677-5296
Fax Number: (760) 770-6810
Email: cwnfirm@gmail.com


*Attorney for Plaintiffs.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMBER MEYERS, an individual; and ROES 1-50, on behalf of themselves and all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>MCDONALD'S CORPORATION, a Delaware corporation; MCDONALD'S USA, LLC, a Delaware limited liability company; and DOES 1-10,<br><br>Defendant(s). | Case No.: 5:23-cv-2589<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.  **VIOLATIONS OF STATE CONSUMER PROTECTION LAWS;**<br><br>2.  **BREACH OF CONTRACT;**<br><br>3.  **NEGLIGENT MISREPRESENTATION; and**<br><br>4.  **UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff AMBER MEYERS, an individual, ROES 1-50, and all others similarly situated, allege the following upon information and belief, based on personal knowledge, by and through their undersigned counsel:

**CLASS ACTION COMPLAINT**

## I.     CLASS ACTION COMPLAINT

1.      Plaintiff brings this action against Defendants McDonald's Corporation, McDonald's USA, LLC, and DOES 1-10 (collectively referred to hereinafter as, "**McDonald's**" or "**Defendant**"), on behalf of herself and all others similarly situated, who purchased a breakfast combo meal with an orange juice based on false and misleading advertisements by Defendant.

2.      Plaintiff frequently goes to McDonald's, and orders the two-Sausage Egg McMuffin meal, with an orange juice. Ms. Meyers never realized that she was charged for the orange juice, until recently learning about it.  If she knew about the surcharge, she would not have purchased an orange juice every time she went to McDonald's.

3.      McDonald's deceptively misleads consumers by advertising breakfast combination meals to include an orange juice on its menu boards, at a cost that differs from the advertised price, adding a surcharge to customers who order an orange juice as a part of the breakfast meal ("**Orange Juice Surcharge**").

## II.     THE PARTIES

4.      Plaintiff Amber Meyers resides in the County of Riverside, State of California, and typically purchases breakfast at McDonald's from two locations in Palm Springs, California – 2465 E Palm Canyon Dr, Palm Springs, CA. 92264, and 1717 E Vista Chino, Palm Springs, CA 92262.

5.      Defendant McDonald's Corporation, is a Delaware corporation, with its headquarters and principal place of business located in Chicago, Illinois.

6.      Defendant McDonald's USA, LLC, is a Delaware limited liability company, with its headquarters and principal place of business located in Chicago, Illinois.

## III.     JURISDICTION AND VENUE

7.      <u>Original Jurisdiction</u>: This Court has original diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Plaintiff Meyers is a citizen of the State of California.  Defendants McDonald's Corporation and McDonald's USA,

LLC, are each registered in Delaware as the state of formation, with its principal place of business located in Illinois.   The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which the number of members of the proposed class is not less than 100.

8.     <u>Diversity Jurisdiction</u>: In addition, this Court has diversity jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and Plaintiff Meyers of the proposed class is a citizen of a state different from the state in which Defendant is a citizen.

9.     <u>Venue</u>: Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Further, Defendant resides in this judicial district for purposes of § 1391. Also, Defendant has used the laws within, and has done substantial business in, this judicial district in that it has promoted, marketed, distributed, and sold the products at issue in this judicial district. Finally, there is personal jurisdiction over Defendant in this judicial district.

## IV.     <u>FACTUAL ALLEGATIONS</u>

**A.     <u>Summary of Facts</u>**

10.     This is a class action against McDonald's for unfair and deceptive trade practices concerning the sale of certain misleading and falsely advertised menu items.

11.     Plaintiff, on behalf of the herself and all others similarly situated, alleges McDonald's pricing strategy fails to put a reasonable person on notice of an Orange Juice Surcharge, because (i) the Breakfast Meals Disclosure is not clear and conspicuous, (ii) advertised Meals with an Orange Juice do not have an asterisk or some other reference next to the pictured orange juice notifying consumers that special pricing or terms apply, (iii) its drive-thru menu board itemizes a customer's order without specifying the cost of the orange juice as an "upcharge" or "additional fee", (iv) the drive-thru menu board itemizes a customer's order by bolding the cost of

**CLASS ACTION COMPLAINT**

the combo meal, and then identifies the cost of the orange juice as a subline item in font that is not bold, making it appear as if the cost of the orange juice is included in the price of the meal, (v) the displayed order on the drive thru menu board fails to provide a subtotal for all items purchased, and instead displays the total order price above the applicable itemization of costs, (vi) its employees never disclose a surcharge for orange juice, unless specifically asked, and (vii) the only time Defendant discloses the existence of a surcharge in writing, is on the receipt after payment is made - identifying the cost of the orange juice as an   "<Upcharge>".

12.     While McDonald's advertises its breakfast combination meals on both its drive thru menu and in-store menu boards with an orange juice included in the advertised price, McDonald's deceptively charges an Orange Juice Surcharge for those who actually order the pictured orange juice as a part of the meal.

**B.     McDonald's Drive Thru Menu Boards and Orders**

13.     Plaintiff typically orders breakfast meals at McDonald's from two locations in Palm Springs, California – 2465 E Palm Canyon Dr, Palm Springs, CA. 92264, and 1717 E Vista Chino, Palm Springs, CA 92262.  (Declaration of Amber Meyers ("Declaration"), at ¶ 4).

14.     Plaintiff typically orders the Two Sauage Egg McMuffin meal (i.e., the number 8), with an orange juice, together with either another an orange juice drink or an iced tea.  (Declaration of Amber Meyers, at ¶ 3 and ¶ 5)

15.     The menu boards state in small, less than visible, font directly below the title "Breakfast Meals", that "Meals include hashbrown and a small premium roast coffee. Pick a different drink or side for an additional charge. Promotion pricing may be lower than meal pricing" (the **Breakfast Meals Disclosure**"). [1]   (*See* <u>Exhibit "A"</u>: Picture of Drive Thru Menu Board on

---

[1] As of December 18, 2023, Plaintiff alleges the menu boards and meal offerings are being modified for the McDonald's located at 1717 East Vista Chino, Blg D, Palm Springs, CA. 92262.

**CLASS ACTION COMPLAINT**

East Vista Chino; and *See* <u>Exhibit "B"</u>:  Picture of Drive Thru Menu Board on Palm Canyon Road).

*See* **<u>Exhibit "A"</u>: Picture of Drive Thru Menu Board on East Vista Chino;**



**McDonald's Location: 1717 Vista Chino East, Blg D, Palm Springs, CA. 92262**

*See* **<u>Exhibit "B"</u>: Picture of Drive Thru Menu Board on East Vista Chino**



**McDonald's Location: 2465 E Palm Canyon Dr, Palm Springs, CA 92264**

16.    Despite the Breakfast Meals Disclosure, Plaintiff was never aware that there was an extra charge for the orange juice because it was advertised to be included as a part of the meal she ordered.  (Declaration of Amber Meyers, at ¶ 6, ¶ 7, ¶ 9, and ¶11).

17.    McDonald's simply advertises the breakfast meal with a pictured orange juice, with a fixed price displayed for each meal offering ("**Meal(s) with Orange Juice**").

**CLASS ACTION COMPLAINT**

18.     Plaintiff, on behalf of herself and all others similarly situated, allege based on information and belief, that even after placing a drive-thru order, the order confirmation menu board fails to identify the extra charge for the orange juice as a "Surcharge" or "Upcharge".   (Declaration of Amber Meyers, at ¶11).

19.     For example, the below image is a sample order confirmation board that show the order total, followed by an itemization of costs. (*See* Exhibit "C": Drive Thru Menu Board (Side-Bar Order) for Cathedral City; *See* Exhibit "D": Drive Thru Menu Board (Final Order) for Cathedral City).[2]

**See Exhibit "C": Drive Thru Menu Board (Side-Bar Order) for Cathedral City**



Location: 67555 E Palm Canyon Dr, Cathedral City, CA. 92234

**See Exhibit "D": Drive Thru Menu Board (Final Order) for Cathedral City**



Location: 67555 E Palm Canyon Dr, Cathedral City, CA. 92234

---

[2] Provided for demonstrative purposes.

**CLASS ACTION COMPLAINT**

20.     Plaintiff, on behalf of herself and all others similarly situated, allege through counsel, that the cost of the advertised meal (i.e., $8.79 in bold font), followed by the cost of the orange juice (i.e., $1.40 and not in bold font), makes it appear as if the orange juice is included in the applicable meal price as advertised.

21.     Rather than properly itemizing the order details, McDonald's fails to (i) identify the $1.40 as an "upcharge" on the menu board, or (ii) provide any subtotal inclusive of the orange juice upcharge, and instead shows the order total above the itemization ("**Insufficient Order Itemization**").

22.     Plaintiff alleges she was never informed of a surcharge by any McDonald's representative and never paid attention to the receipt, because she believed that McDonald's, as likely the largest fast-food chain in the world, wouldn't try to hide a fee. (Declaration of Amber Meyers, at ¶ 10).

23.     Plaintiff asserts that if she knew there was a surcharge for the orange juice, she would not have ordered an orange juice every time she went. (Declaration of Amber Meyers, at ¶ 12).

24.     Plaintiff feels lied to and cheated by McDonald's. (Declaration of Amber Meyers, at ¶ 14).

**C.     McDonald's In-Store Menu Boards and Orders**

25.     Plaintiff, on behalf of herself and all others similarly situated, based upon information and belief, alleges that McDonald's instore menu ordering boards also market the applicable breakfast meals with an orange juice included as a part of the advertised price and meal as demonstrated in the below pictures. (*See* Exhibit "E": In-Store Menu Board for Rancho Mirage; *See* Exhibit "F": In-Store Menu Board for La Quinta):

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10

***See* Exhibit "E": In-Store Menu Board for Rancho Mirage**



**McDonald's Location: 34101 Monterey Ave., Rancho Mirage, CA. 92270**

11
12
13
14
15
16
17
18
19
20
21

***See* Exhibit "F": In-Store Menu Board for La Quinta**



**McDonald's Location: 78-962 CA-111, La Quinta, CA. 92253**

22
23
24
25
26
27
28

26.     Synonymous to the drive thru menu board, McDonald's instore menu board also includes the Breakfast Meals Disclosure, but it (i) is not clear and conspicuous given the small size of the font, and (ii) fails to properly notify consumers that special pricing or terms apply to the orange juice advertised as a part of the meal (i.e., there is no asterisk or other reference next to the advertised orange juice stating that special pricing or terms apply).

**CLASS ACTION COMPLAINT**

27.     Instead, McDonald's simply advertises the breakfast meal with an orange juice, with a fixed price displayed for that meal – leading consumers to believe that the orange juice is included as a part of the meal.

28.     Plaintiff, on behalf of herself and all others similarly situated, alleges based upon information and belief, by and through counsel, that as a part of an instore purchase of a Meal with Orange Juice, there is no clear and conspicuous disclosure about any surcharge associated with the orange juice, except (i) as itemized on the printed receipt after payment is made, or (ii) as otherwise inquired by the customer.

29.     Similar to the drive thru experience, the only time Defendant identifies the orange juice as a surcharge in writing is on the receipt after payment is made -- specifying it as a "<Drink Upcharge>". (*See* Exhibit "G", Sample McDonald's Receipt dated 12/18/2023).



**Exhibit "G", Sample McDonald's Receipt dated 12/18/2023**

**D.    Online Menu Boards and Complaints**

30.     Online images for McDonald's locations throughout the United States, establish that its disclosure and advertising practices are consistent across the nation. (*See* Exhibit "H", Drive Thru Menu Board for Knoxville, TN; *See* Exhibit "I", Drive Thru Menu Board for Melbourne, Florida; and *See* Exhibit "J", Drive Thru Menu Board for U.S. Midwest):

**CLASS ACTION COMPLAINT**



*See* **Exhibit "H"** - Image obtained from the following website for McDonald's located at 7545 Mountain Grove Dr, Knoxville, TN - https://www.checkle.com/biz/mcdonalds-knoxville-13/menu

*See* **Exhibit "I"** - Image obtained from the following website for the McDonald's located at 235 Palm Bay Rd W. Melbourne, FL - https://www.yelp.com/biz/mcdonalds-melbourne-37. Breakfast menu as of 12/23/22.



*See* **Exhibit "J"** - Image obtained from the following website for a McDonald's located in the U.S. Midwest, https://www.sixteen-nine.net/2022/08/09/so-much-for-mission-critical-displays/. Breakfast menu as of August 9, 2022

31. McDonald's deceptively misleads consumers by advertising breakfast combination meals to include an orange juice both instore and through its drive thru menu boards, at a cost that differs from the advertised price, adding an Orange Juice Surcharge.

32. While McDonald's correctly advertise its breakfast meals to the general public on its corporate website located at https://www.mcdonalds.com/us/en-us/full-menu/breakfast.html, consumers are unable to place an order for any of these items through its website. (*See* Exhibit "K": Corporate Website).



33.     Various customers have expressed concerns about the false and deceptive advertising practices relating to McDonald's Orange Juice Surcharge on various social media outlets.

34.     Multiple X users (formerly known as Twitter), have posted complaints about McDonald's Orange Juice Surcharge available at https://twitter.com/search?q=McDonalds%20Orange%20Juice%20Upcharge&src=typed_query, and pictured below:



35.   McDonald's general response to these complaints are as follows (*Id.*):

- 12 -

36.     Despite McDonald's general and vague response to these complaints, the breakfast meals are still advertised with an orange juice and a fixed price, misleading and deceiving customers, who unknowingly pay the Orange Juice Surcharge.

37.     Another YouTube user complained about McDonald's Orange Juice Surcharge in the following video https://www.youtube.com/shorts/hR9ryYgyAiI (CAUTION - Viewer Discretion is Advised: video contains profanity and vulgarism).

**E.      General Allegations**

38.     McDonald's pricing strategy fails to put a reasonable person on notice of an Orange Juice Surcharge, because (i) the Breakfast Meals Disclosure is not clear and conspicuous, (ii) advertised Meals with an Orange Juice do not have an asterisk or some other reference next to the pictured orange juice notifying consumers that special pricing or terms apply, (iii) its drive-thru menu board itemizes a customer's order without specifying the cost of the orange juice as an "upcharge" or  "additional fee", (iv) the drive-thru menu board itemizes a customer's order by bolding the cost of the combo meal, and then identifies the cost of the orange juice as a subline item in font that is not bold, making it appear as if the cost of the orange juice is included in the price of the meal, (v) the displayed order on the drive thru menu board fails to provide a subtotal for all items purchased, and instead displays the total order price above the applicable itemization of costs, (vi) its employees never disclose a surcharge for orange juice, unless specifically asked, and (vii) the only time Defendant discloses the existence of a surcharge in writing, is on the receipt after payment is made - identifying the cost of the orange juice as an  "<Upcharge>".

39.     This isn't the first time that McDonald's has been subject to a lawsuit for false advertising for offering combo meals at a cost that differs from the advertised price. *See Bledsoe v. McDonald's USA LLC, et al., Case No. 2:18-cv-09354-PA-GJS*, in the U.S. District Court for the Central District of California.

40.     McDonald's breakfast meal advertisements that include an orange juice as a part of the advertised price are unfair and financially damaging consumers, unknowingly paying the Orange Juice Surcharge.

41.     The impact of McDonald's actions is amplified by the current economic climate, where many consumers, particularly those with limited income, are grappling with rising inflation and food costs.

42.     McDonald's is also unfairly competing with other fast-food chains that properly advertise breakfast meals, offering prices that are inclusive of the items advertised.

43.     McDonald's pricing strategy, which involves advertising meals with a fixed price and then adding an Orange Juice Surcharge for the included juice, is misleading and results in unfair competition by diverting customers from competitors who offer more transparent pricing.

44.     Plaintiff, on behalf of herself and all others similarly-situated, seek to end McDonald's unfair and materially misleading advertising and request the following: 1) monetary damages fully compensating all individuals who were deceived by Defendant as a result of any Orange Juice Surcharge; 2) injunctive relief requiring Defendant to provide corrected advertising and/or to discontinue its current deceptive practices; and 3) such other relief as the Court deems necessary and appropriate.

## V.     CLASS ACTION ALLEGATIONS

45.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3) on behalf of the following class:

(i)     **General Class:** All persons or entities in the United States who purchased an orange juice as a part of any breakfast meal and were charged an Orange Juice Surcharge from McDonald's for a period of four (4) years prior to the filing date of this action, until the resolution of this action ("**General Class Period**"), and/or such class or subclass as the Court may deem appropriate ("**General Class**").

(ii)    **Advertised Orange Juice Subclass**: All persons or entities in the United States who purchased an orange juice as a part of any breakfast meal from McDonald's, that advertised at least one meal to include an orange juice, who were charged an Orange Juice Surcharge, for a period of four (4) years prior to the filing date of this action, until the resolution of this action (the "**Subclass Period One**"), and/or such class or subclass as the Court may deem appropriate ("**Subclass One**").

(iii)   **Meals with Orange Juice Subclass:** All persons or entities in the United States who purchased an orange juice as a part of any breakfast meal from McDonald's, that advertised that meal to include an orange juice, who were charged an Orange Juice Surcharge, for a period of four (4) years prior to the filing date of this action, until the resolution of this action (the "**Subclass Period Two**"), and/or such class or subclass as the Court may deem appropriate ("**Subclass Two**").

46.    The General Class Period, Subclass Period One, and Subclass Period Two, shall be collectively referred to hereinafter as the "**Class Period**".

47.    The General Class, Subclass One, and Subclass Two, shall be collectively referred to hereinafter as the "**Class**".

48.    Plaintiff reserves the right to amend the definition of the Class if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

49.    Plaintiff reserves the right to establish additional sub-classes as appropriate.

50.    This action is brought and properly may be maintained as a class action under the provisions of Federal Rules of Civil Procedure 23(a)(l)-(4) and 23(b)(2) and (b)(3), and satisfies the requirements thereof.

51.    There is a well-defined community of interest among members of the Class, and the disposition of the claims of these members of the Class in a single action will provide substantial benefits to all parties and to the Court.

**CLASS ACTION COMPLAINT**

52.    The members of the Class are so numerous that joinder of all members of the Class is impracticable. At this time, Plaintiff believes that the Class includes thousands of members. Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(l), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

53.    Plaintiff's claims are typical of the claims of the members of the Class whom they seek to represent because Plaintiff and each member of the Class has been subjected to the same deceptive and improper practices by Defendant and have been damaged in the same manner.

54.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff has no interests that are adverse to those of the members of the Class that they seek to represent. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel that is competent and experienced in handling complex class action litigation on behalf of consumers.

55.    A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this Complaint under Federal Rule of Civil Procedure 23(b)(3) because:

a.    The expense and burden of individual litigation would not be economically feasible for members of the Class to seek to redress their claims other than through the procedure of a class action.

b.    If separate actions were brought by individual members of the Class, the resulting multiplicity of lawsuits would cause members to seek to redress their claims other than through the procedure of a class action; and

c.    Absent a class action, Defendants likely would retain the benefits of their wrongdoing, and there would be a failure of justice.

**CLASS ACTION COMPLAINT**

56.     Common questions of law and fact exist as to the members of the Class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions that affect individual members of the Class within the meaning of Federal Rule of Civil Procedure 23(b)(3).

57.     The common questions of fact include, but are not limited to, the following:

        a.      Whether the nationwide practice by Defendant of selling falsely advertised menu items violates the applicable consumer protection statutes;

        b.      Whether Defendant engaged in unlawful, unfair, misleading, or deceptive business acts or practices;

        c.      Whether Defendant engaged in consumer fraud, deceptive trade practices, or other unlawful acts;

        d.      Whether Defendant made any negligent misrepresentations;

        e.      Whether Defendant was unjustly enriched; and

        f.      Whether Plaintiff and members of the Class are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

58.     In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole and necessitating that any such relief be extended to members of the Class on a mandatory, class-wide basis.

59.     Plaintiff is not aware of any difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

**CLASS ACTION COMPLAINT**

## COUNT I
### Violation of State Consumer Protection Laws

60.　　Each and every allegation set forth in paragraphs 1 through 59 of this Complaint is hereby repeated, reiterated, and realleged with the same force and effect and incorporated by reference as if fully set forth herein at length and in detail.

61.　　Plaintiff brings this claim on their own behalf and on behalf of all other persons or entities who purchased an Overstated Menu Item based on false representations as alleged herein of said product.

62.　　Plaintiff and each member of the Class is a consumer, purchaser or other person entitled to the protection of the consumer protection laws of the state in which he/she was charged an Orange Juice Surcharge.

63.　　The consumer protection laws of the state in which Plaintiff and each member of the Class who purchased a Meal with Orange Juice declare that unfair or deceptive acts or practices in the conduct of trade or commerce are unlawful.

64.　　Each of the fifty states and the District of Columbia have enacted statutes designed to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising. These statutes are:

      a.　　Alabama Deceptive Trade Practices Act, Ala. Statues Ann. §§ 8-19-1, et seq.;

      b.　　Alaska Unfair Trade Practices and Consumer Protection Act, Ak. Code § 45.50.471, et seq.;

      c.　　Arizona Consumer Fraud Act, Arizona Revised Statutes, §§ 44-1521, et seq.;

      d.　　Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, et seq.;

      e.　　California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq., and California's Unfair Competition Law, Cal. Bus. & Prof Code § 17200, et seq.;

f.    Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, et seq.;

g.    Connecticut Unfair Trade Practices Act, Conn. Gen. Stat § 42-110a, et seq.;

h.    Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, et seq.;

i.    District of Columbia Consumer Protection Procedures Act, D.C. Code § 28 3901, et seq.;

j.    Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, et seq.;

k.    Georgia Fair Business Practices Act, § 10-1-390 et seq.;

l.    Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statues § 480 1, et seq., and Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statutes § 481A-l, et seq.;

m.    Idaho Consumer Protection Act, Idaho Code § 48-601, et seq.;

n.    Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, et seq.;

o.    Indiana Deceptive Consumer Sales Act, Indiana Code Ann. §§ 24-5-0.5-0.1, et seq.;

p.    Iowa Consumer Fraud Act, Iowa Code §§ 714.16, et seq.;

q.    Kansas Consumer Protection Act, Kan. Stat. Ann §§ 50 626, et seq.;

r.    Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, et seq., and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann §§ 365.020, et seq.;

s.    Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401, et seq.;

**CLASS ACTION COMPLAINT**

t.     Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. § 205A, et seq., and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, § 1211, et seq.;

u.     Maryland Consumer Protection Act, Md. Com. Law Code § 13-101, et seq.;

v.     Massachusetts Unfair and Deceptive Practices Act, Mass. Gen. Laws ch. 93A;

w.     Michigan Consumer Protection Act, §§ 445.901, et seq.;

x.     Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68, et seq.; and Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, et seq.;

y.     Mississippi Consumer Protection Act, Miss. Code Ann. §§ 75-24-1, et seq.;

z.     Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, et seq.;

aa.    Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code §30-14-101, et seq.;

bb.    Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59 1601, et seq., and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, et seq.;

cc.    Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, et seq.;

dd.    New Hampshire Consumer Protection Act, N.H. Rev. Stat.§ 358-A:l, et seq.;

ee.    New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 1, et seq.;

ff.    New Mexico Unfair Practices Act, N.M. Stat. Ann.§ 57 12 1, et seq.;

gg.    New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law§§ 349, et seq.;

hh.    North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, et seq.;

**CLASS ACTION COMPLAINT**

ii.    North Carolina Unfair and Deceptive Trade Practices Act, North Carolina General Statutes §§ 75-1, et seq.;

jj.    Ohio Deceptive Trade Practices Act, Ohio Rev. Code. Ann. §§ 4165.01. et seq.;

kk.    Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, et seq.;

ll.    Oregon Unfair Trade Practices Act, Rev. Stat § 646.605, et seq.;

mm.    Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Penn. Stat. Ann. §§ 201-1, et seq.;

nn.    Rhode Island Unfair Trade Practices And Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1, et seq.;

oo.    South Carolina Unfair Trade Practices Act, S.C. Code Laws § 39-5-10, et seq.;

pp.    South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 1, et seq.;

qq.    Tennessee Trade Practices Act, Tennessee Code Annotated §§ 47-25-101, et seq.;

rr.    Texas Stat. Ann. §§ 17.41, et seq., Texas Deceptive Trade Practices Act;

ss.    Utah Unfair Practices Act, Utah Code Ann. §§ 13-5-1, et seq.;

tt.    Vermont Consumer Fraud Act, Vt. Stat. Ann. tit. 9, § 2451, et seq.;

uu.    Virginia Consumer Protection Act, Virginia Code Ann. §§ 59.1-196, et seq.;

vv.    Washington Consumer Fraud Act, Wash. Rev. Code § 19.86.010, et seq.;

ww.    West Virginia Consumer Credit and Protection Act, West Virginia Code §46A-6-101, et seq.;

xx.    Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100.18, et seq.;

**CLASS ACTION COMPLAINT**

yy.    Wyoming Consumer Protection Act, Wyoming Stat. Ann. §§ 40-12-101, et

seq.

65.    McDonald's pricing strategy fails to put a reasonable person on notice of an Orange

Juice Surcharge, because (i) the Breakfast Meals Disclosure is not clear and conspicuous, (ii)

advertised Meals with an Orange Juice do not have an asterisk or some other reference next to the

pictured orange juice informing consumers that special terms apply, (iii) its menu board itemizes a

customer's order to make it appear as if the item is included as a part of the advertised meal price,

failing to specify the orange juice is an "upcharge" or "additional fee", (iv) the drive thru menu

order confirmation board shows the price of the meal in bold font, with the orange juice line item

appearing below the price of the meal in font that is not in bold, making it appear as if the orange

juice is included in the price of the meal, (v) its drive thru menu order confirmation board fails to

provide a subtotal for the items purchased, and instead provides for a total order price that appears

above the applicable itemization, (vi) its employees never disclose a surcharge for orange juice,

unless specifically asked, and (vii) the only time a consumer is able to determine that an additional

fee applies is after the consumer has paid for the order and later delivered a receipt that properly

itemizes the item as an "<Upcharge>".

66.    All Orange Juice Surcharges levied by Defendants fall under the scope of these

consumer protection laws.

67.    Defendant's illegal deceptive practices harmed not only the named Plaintiff but also

all members of the Class.  The exact amount of damages for both groups will be determined at trial.

## COUNT II
### Breach of Contract

68.    Each and every allegation set forth in paragraphs 1 through 59 of this Complaint is

hereby repeated, reiterated, and realleged with the same force and effect and incorporated by

reference as if fully set forth herein at length and in detail.

**CLASS ACTION COMPLAINT**

69.     Defendant, through its advertising, offered Meals with Orange Juice based on the materially false and misleading advertisements described above.

70.     Plaintiff and numerous other customers purchased said Meals with Orange Juice based on Defendant's representations.

71.     Defendant breached its sales contracts with Plaintiff and similarly situated customers who purchased a Meal with Orange Juice, who were charge an Orange Juice Surcharge.

72.     Defendant failed to properly disclose that the applicable advertised meal with an orange was only available for an additional charge.

73.     As a result of Defendant's breach of contract, Plaintiff and similar purchasers of orange juice as a part of a breakfast meal that included juice suffered damages, the exact amount to be determined at trial.

## COUNT III
### Negligent Misrepresentation

74.     Each and every allegation set forth in paragraphs 1 through 59 of this Complaint is hereby repeated, reiterated, and realleged with the same force and effect and incorporated by reference as if fully set forth herein at length and in detail.

75.     Defendant, directly or through its agents and employees, made false representations, concealments, and nondisclosures to Plaintiff and members of the Class.

76.     Defendant, through its advertising in store and online, offered Meals with Orange Juice based on the materially false and misleading advertisements described above.

77.     Defendant made and intended the misrepresentations to induce the reliance of Plaintiff and members of the Class to purchase an orange juice as a part of the breakfast meals.

78.     Plaintiff and numerous other customers unknowingly purchased an orange juice with a surcharge based on Defendant's representations.

**CLASS ACTION COMPLAINT**

79.     Defendant purposefully and intentionally failed to transparently and properly disclose the applicable surcharge for the orange juice, until after customers already paid for the meal.

80.     In making the representations of fact to Plaintiff and members of the Class described herein, Defendant has failed to fulfill its duty to fully and transparently disclose the material facts set forth above. The direct and proximate cause of this failure to disclose was Defendant's negligence and carelessness.

81.     Defendant, in making the misrepresentations and omissions, and in doing the acts alleged above, knew or reasonably should have known that the representations were not true.

82.     Plaintiff and members of the Class reasonably relied upon these false representations and nondisclosures by Defendant when purchasing an orange juice as a part of a breakfast meal, suffering harm as a result of their justified and foreseeable reliance on these false statements.

83.     As a result of Defendant's wrongful conduct, Plaintiff and members of the Class have suffered damages, the exact amount to be determined at trial.

**COUNT IV**
**Unjust Enrichment**

84.     Each and every allegation set forth in paragraphs 1 through 59 of this Complaint is hereby repeated, reiterated, and realleged with the same force and effect and incorporated by reference as if fully set forth herein at length and in detail.

85.     By its wrongful acts and omissions, Defendant has been unjustly enriched at the expense of Plaintiff and members of the Class, and thus Plaintiff and members of the Class were unjustly deprived of time and value of money provided to Defendant.

86.     It would be inequitable and unconscionable for Defendant to retain the profit, benefit, and other compensation they obtained from the deceptive, misleading, unfair and unlawful conduct alleged herein.

**CLASS ACTION COMPLAINT**

87.     Plaintiff and members of the Class seek restitution from Defendant, and seek an order of this Court disgorging all profits, benefits, and other compensation obtained by Defendant from its wrongful conduct.

## VI.     <u>REQUESTED RELIEF</u>

88.     WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, pray that this Court enter a judgment, as follows:

a.     Certifying the Class (and each applicable subclass) as requested herein, and certifying Plaintiff as the Class representatives;

b.     Ordering that each Defendant is financially responsible for notifying all members of the Class of the alleged misrepresentations and omissions set forth herein;

c.     Awarding Plaintiff and the members of the Class compensatory damages in an amount according to proof at trial;

d.     Awarding restitution and disgorgement of Defendants revenues to Plaintiff and members of the Class;

e.     Awarding declaratory and injunctive relief, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with Court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful or unlawful;

f.     Awarding punitive damages to Plaintiff and the Class;

g.     Ordering Defendants to stop charging an Orange Juice Surcharge or to correct the deceptive advertising conduct;

h.     Awarding interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action;

**CLASS ACTION COMPLAINT**

i.      Awarding attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

j.      Directing such other and further relief as the Court deems just and proper.

## VII.   DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Class demand a trial by jury as to all matters so triable.

Dated: December 19, 2023

_____
Cameron Nazemi, Esq. (SBN. 260155)
CWN, Inc., a professional law corporation

*Counsel for Plaintiff and the proposed Class*

**List of Attachments & Exhibits**:

Declaration:    Declaration of Amber Meyers
Exhibit "A":    Picture of Drive Thru Menu Board on East Vista Chino;
Exhibit "B":    Picture of Drive Thru Menu Board on Palm Canyon Road;
Exhibit "C":    Drive Thru Menu Board (Side-Bar Order) for Cathedral City;
Exhibit "D":    Drive Thru Menu Board (Final Order) for Cathedral City;
Exhibit "E":    In-Store Menu Board for Rancho Mirage;
Exhibit "F":    In-Store Menu Board for La Quinta;
Exhibit "G":    Sample McDonald's Receipt dated 12/18/2023
Exhibit "H":    Drive Thru Menu Board for Knoxville, TN;
Exhibit "I":    Drive Thru Menu Board for Melbourne, Florida;
Exhibit "J":    Drive Thru Menu Board for U.S. Midwest; and
Exhibit "K":    Corporate Website