**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Jahmy S. Graham (SBN 300880)
jahmy.graham@nelsonmullins.com
Rona Eli (SBN 326093)
rona.eli@nelsonmullins.com
Michael E. Seager (SBN 354564)
michael.seager@nelsonmullins.com
Two California Plaza, Suite 2200
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: 424.221.7470
Facsimile: 279.202.2017

Attorneys for Defendant
MCDONALD'S USA, LLC

[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

AMBER MEYERS, an individual; JOHN MICHAEL TAFERNER, an individual; JOSHUA DINI, an individual; TRAVIS SMITH, an individual; and ROES 1-50; on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

MCDONALD'S CORPORATION, a Delaware corporation; MCDONALD'S USA, LLC, a Delaware limited liability company; and; DOES 1-10,

Defendants.

Case No. 5:23-CV-2589-JGB-SPx

Honorable Jesus G. Bernal

**STIPULATED PROTECTIVE ORDER**

Complaint Filed: 12/19/2023
FAC Filed: 1/28/2024
SAC Filed: 6/6/2024
TAC Filed: 10/18/2024

## 1. INTRODUCTION

**1.1** Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5.2 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**1.2** Good Cause Statement

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties, including personally identifiable information of absent putative class members), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to

facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

**2.1** Action: This pending federal law suit entitled, *Meyers, et al. v. McDonald's Corp.*, *et al.,* case number 5:23-CV-02589-JGB-SP.

**2.2** Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

**2.3** "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**2.4** Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

**2.5** Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**2.6** Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7** Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**2.8** In-House Counsel: Attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.9** Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.10** Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

**2.11** Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.12** Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.13** Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits, or demonstrations, and organizing, storing, or retrieving data in any form or medium, including, without limitation, any providers of Technology Assisted Review (TAR), artificial intelligence-based document review, analytical, or generative services) and their employees, contractors, and subcontractors.

**2.14** Protected Material: Any Disclosure or Discovery Material that is designated as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL.”

**2.15** Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**2.16** Coordinated Litigation**:** Refers to the matter pending in the Circuit Court of the Sixteenth Judicial Circuit, Kane County, Illinois, captioned *Matthew Baumgartner, et al. v. McDonald's Corporation and McDonald's USA, LLC*, Case No. 2024-LA-000557 (the "Baumgartner Action").

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial. The Parties, however, shall meet and confer before trial on a procedure and process to deal with the use and/or display of Protected Material at trial and submit a joint proposal to the Court for approval. If the Parties cannot agree on such a joint proposal, the Parties shall submit separate/competing proposals for the Court's consideration prior to issuing an appropriate order.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1** Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**5.2** Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix or have affixed at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"(hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on

a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify, within 14 days after the transcript is delivered, as Protected Material. All deposition testimony taken in this case shall be treated as Protected Material until the expiration of the fourteenth day after the transcript is delivered to any Party or the witness. Within this time period, a Designating Party may serve a Notice of Designation to all Parties of record as to specific portions of the testimony that are designated Protected Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3** Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. A timely correction will depend on the circumstances; but in general the Parties agree that a correction must be made within ten (10) calendar days of when the inadvertent failure to designate becomes apparent to the Designating Party.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1** Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**6.2** Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. or follow the procedures for informal, telephonic discovery hearings on the Court's website.

**6.3** Burden of Persuasion. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1** Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material may be disclosed only to the categories of persons and under the conditions

described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Notwithstanding the foregoing, the Parties may disclose Protected Material to Counsel in the Coordinated Litigation (as defined in Section 2.16) to facilitate the efficient conduct of discovery and avoid duplicative efforts, provided the requirements of Section 7.2(k) are met.

**7.2** Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" substantially in the form attached hereto as "Exhibit A";

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors (as defined in Section 2.13) to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" substantially in the form attached hereto as Exhibit A;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign a form substantially in the form attached hereto as Exhibit A; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgement and Agreement to Be Bound" substantially in the form attached hereto as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

(k) Counsel of record in the Coordinated Litigation, including their staff and professional vendors, provided that: (1) such counsel has executed the "Acknowledgment and Agreement to Be Bound" substantially in the form attached hereto as Exhibit A; and (2) the Coordinated Litigation is governed by a protective order or confidentiality agreement containing substantially similar protections as those set forth in this Order.

For any recipient of CONFIDENTIAL or "HIGHLY CONFIDENTIAL" information described herein, a single "Acknowledgment and Agreement to Be Bound" may be executed by an authorized officer or principal of the entity shall suffice to bind all employees, contractors, and agents of that entity; and

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

"CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to

an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non- Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" substantially in the form attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree that inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection or another applicable privilege or immunity, shall not constitute a waiver of such protection. This agreement, as adopted by this Order, shall be applicable to and govern all deposition transcripts and/or videotapes, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation pursuant to the Federal Rules of Civil Procedure, court order, local rule, or stipulation of the parties, as well as testimony adduced at trial or during any hearing.

The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that privileged or otherwise protected Information has been inadvertently produced (the "Identified Material"). Upon receiving written notice from the Producing Party that privileged and/or work product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the Producing Party within ten (10) business days of receipt of such notice. The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Identified Materials in electronic format. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the Identified Materials are later designated by the Producing Party or a court as not privileged or protected. The Producing Party will provide a privilege log providing information required by the Federal Rules of

Civil Procedure and applicable case law to the Receiving Party when the Producing Party provides the Receiving Party notice of the Identified Materials.

The Receiving Party may contest the privilege or work product designation by the Producing Party, and the Receiving Party shall give the Producing Party written notice of the reason for said disagreement. The Receiving Party may not challenge the privilege or immunity claim by arguing that the inadvertent disclosure itself is a waiver of any applicable privilege. The Parties shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention. If the Parties cannot resolve their dispute through such meet and confer discussions, within fifteen (15) business days after the Parties have reached an impasse after meet and confer efforts, the Parties shall file a joint discovery letter brief no longer than five pages. In the event the Court rules that the challenged material is privileged or protected, the Receiving Party shall return such materials to the Producing Party within ten (10) business days of such Order.

Any physical analyses, memoranda, or notes that were internally generated based upon such Identified Material shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the Receiving Party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda, or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the Producing Party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

**12. <u>MISCELLANEOUS</u>**

a. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

b. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. Likewise, nothing in this Order shall prohibit a party from redacting personally identifiable information of third parties and absent putative class members to protect their privacy.

**c.** Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**13. FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or

constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**14. ENFORCEMENT**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**15. BINDING EFFECT**

The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulated Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulated Protective Order, or in the event that the Court enters a different Protective Order or no Protective Order at all, the Parties agree to be bound by this Stipulated Protective Order until such time as the Court may enter such a different Order.

[*Signatures on Next Page*]

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 7, 2026

CWN, Inc., a professional law Corporation
Wolf Popper LLP

By /s/ Cameron Nazemi
Cameron Nazemi
Philip M. Black

Attorneys for Plaintiffs

DATED: April 7, 2026

NELSON MULLINS RILEY & SCARBOROUGH LLP

By /s/ Jahmy S. Graham
Jahmy S. Graham
Rona Eli
Michael E. Seager

Attorneys for Defendant MCDONALD'S USA, LLC

IT IS SO ORDRED this 10th day of April, 2026.

Honorable Sheri Pym
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

**1. INDIVIDUAL/ENTITY IDENTIFICATION**

- **Full Name:** ____________________________________________
- **Professional Title:** ________________________________________
- **Company/Employer:** _____________________________________
- **Business Address:** _______________________________________
- **Role in Action:** ______________________________(e.g., Expert, Consultant)

**2. ACKNOWLEDGMENT OF ORDER.** The undersigned identified above and on behalf of the Company to the extent applicable, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Meyers, et al. v. McDonald's USA, LLC*, case number 5:23-CV-02589-JGB-SP.

**3. AGREEMENT TO BE BOUND.** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

**4. ENTITY BINDING (Check if applicable)**

☐ **REPRESENTATIVE CAPACITY:** I am an authorized officer, principal, or partner of the Company identified above. By signing this form, I represent that I have the authority to bind, and **hereby do bind**, the Company and all of its employees, contractors, and agents to the terms of this Stipulated Protective Order

**5. JURISDICTION AND SERVICE** I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

***SELECTION OF AGENT FOR SERVICE***

☐ I hereby appoint ________________________________________ (*print full name*) of _________________________________________________________ (*print full address and telephone number*) as my California agent for service of process in connection with this action.

☐ In the absence of a designated California agent above, I hereby consent to service of process in connection with this Action or any proceedings related to enforcement of this Order by certified mail, overnight delivery, or electronic mail to my Business Address or Email listed above, and I hereby waive any requirement for a California-based agent for service.

Date: ______________________________________

City and State where sworn and signed:____________________________

Printed name:___________________________

Signature:___________________________